# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYLON RAFAEL HERNANDEZ-RODRIGUEZ,<br>Petitioner,<br>v.<br>CALIFORNIA CITY WARDEN,<br>Respondent. | Case No. 1:26-cv-05867-JLT-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the response, Respondent asserts that Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1226(c)(1)(A) because Petitioner's First Offender Act ("FOA") program disposition of his theft by shoplifting charge, a violation of Georgia Code § 16-8-14(a), constitutes a conviction for a crime involving moral turpitude ("CIMT"). (ECF No. 7 at 2–3.)

This Court has found that a petitioner's re-detention without a pre-deprivation hearing after having previously been released from immigration detention violated due process. See, e.g., Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D.

Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025).

"The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision" and "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026) (internal quotation marks and citation omitted). Here, the notice to appear ("NTA") submitted by Respondent charged Petitioner with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (ECF No. 7-1 at 6.) The NTA does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference Petitioner's shoplifting criminal matter.

Additionally, the Board of Immigration Appeals has stated that "where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing." Matter of Kotliar, 24 I&N Dec. 124, 127 (BIA 2007). There is nothing in the record before this Court that Respondent notified Petitioner of the basis for his mandatory detention under § 1226(c)(1)(A).

The Court finds that supplemental briefing addressing the issues set forth above, and whether this matter is distinguishable from the cases cited above, would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE a supplemental brief addressing the issues set forth above and any other documents necessary for the resolution of the issues; and

2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE